| | |
|---|---|
| LARIMER COUNTY DISTRICT COURT, COLORADO<br>Court Address: 201 La Porte Avenue, Suite 100<br>Fort Collins, CO 80521<br>970-498-6100 | DATE FILED: April 21, 2020 2:57 PM<br>FILING ID: 600C5DF18FD67<br>CASE NUMBER: 2020CV30294 |
| **TOKIO MARINE KILN SYNDICATES, LTD.,** an England company;<br><br>Plaintiff,<br><br>v.<br><br>**ELECTROLUX HOME PRODUCTS, INC.,** a Delaware corporation, **USEONG INTERNATIONAL,** an Illinois corporation, and **USEONG ELECTRO MECHANICAL CO., LTD** a South Korean company,<br><br>Defendants | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiffs*:<br><br>Richard R. Rardin, #22962<br>Cozen O'Connor<br>707 17th Street, Suite 3100<br>Denver, Colorado 80202-3432<br>(720)479-3900<br>rrardin@cozen.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Tokio Marine Kiln Syndicates, Ltd, by through its attorneys, Richard R. Rardin of Cozen O'Connor, complain as follows:

## GENERAL ALLEGATIONS

1. At all times relevant, Plaintiff Tokio Marine Kiln Syndicates, Ltd. ("Tokio Marine") is and was a foreign surplus lines insurance company out of England and authorized to transact the business of insurance in the State of Colorado, with its principle place of business in London, England.

2. Upon information and belief, and at all times relevant, defendant Electrolux Home Products, Inc. ("Electrolux"), was a Delaware corporation, with its principal place of business at

10200 David Taylor Drive, Charlotte, NC 28262, conducting business in the State of Colorado and was a manufacturer of appliances, including Frigidaire brand refrigerators.

3. Upon information and belief, at all times relevant, defendant Useong Electro Mechanics Co Ltd, ("Useong Electro Mechanics") is/was a foreign company with its principle place of business in South Korea, and is/was a manufacturer, distributor and seller of valves for refrigerators sold in the State of Colorado.

4. Upon information and belief, at all times relevant, defendant Useong International, Ltd, ("Useong International") is/was an Illinois corporation with its principle place of business at 1701 E. Woodfield Rd., Schaumburg, IL 60173, and is/was a manufacturer, distributor and seller of valves for refrigerators.

5. At all times relevant, Plaintiff Tokio Marine, through two syndicates, provided a policy of insurance to Brinkman Construction insuring Brinkman Construction's projects, buildings and the property therein. Brinkman Construction was in the business of commercial and residential construction.

6. At all times relevant, Brinkman Construction was the contractor building a multi-family residential complex of apartments called Patina Flats at the Foundry ("Patina Flats") at 204 N. Cleveland Avenue, Loveland, Larimer County, Colorado

7. Toward the end of completion of the Patina Flats project, refrigerators were delivered to the site for placement and use in the apartment units.

8. Upon information and belief, and at all times relevant, the refrigerators installed in the units at Patina Flats by Brinkman Construction were Frigidaire brand refrigerators manufactured by Electrolux.

9. Within the Electrolux/Frigidaire refrigerators were solenoid valves which controlled the supply of water to the icemakers in the refrigerators.

10. On or about October 28, 2018, water was discovered leaking into multiple units at Patina Flats. The source of the water was traced to unit 503 on the fifth floor, and to a Frigidaire refrigerator ("Refrigerator"). When the door to the freezer compartment of the Refrigerator was opened, water spilled out of the compartment and water was observed running from the icemaker even though the icemaker was in the "off" position.

11. The Refrigerator is designed so when the icemaker is in the "off" position, the solenoid valve is closed and water is not allowed to flow through the valve to the icemaker.

12. The water flowing from the Refrigerator leaked into multiple units causing significant damage to the units and throughout the Patina Flats building.

13. Following the discovery of the water damage, an examination of the solenoid valve in the Refrigerator from where the water was coming was conducted. It was found that the spring located inside the solenoid valve was fractured. The fractured spring allowed the valve to stay open and water to run through it to the icemaker even though the icemaker was in the "off" position.

14. As a result of the failure of the solenoid valve spring and water coming from the Refrigerator, Brinkman Construction suffered significant water damage to the Patina Flats project. Pursuant to Brinkman Construction's policy of insurance, it submitted a claim to Tokio Marine. Tokio Marine has paid monies to and on behalf of Brinkman Construction for damages caused by the Refrigerator and valve's failure and is now equitably and contractually subrogated to the claims of Brinkman Construction to the extent of such payments made.

**FIRST CLAIM FOR RELIEF**
**(Negligence – Defendant Electrolux)**

15. Plaintiff adopts and incorporates its General Allegations as if set forth in full.

16. At all times relevant, defendant Electrolux developed, designed, manufactured, assembled, labeled, tested and sold the subject Frigidaire Refrigerator. As a manufacturer, distributor and/or seller of a consumer product, Defendant Electrolux owed a duty to Plaintiff's insured, Brinkman Construction, to provide safe and quality products, and a duty to provide a product that would perform as it was intended and expected. Defendant also owed a duty to Brinkman Construction to provide adequate instructions and warnings for proper and safe use of the product, including but not limited to, providing detailed installation instructions together with warnings.

17. Defendant Electrolux knew or reasonably should have known that Plaintiff's insured would not realize the Refrigerator was defective and posed a danger of causing substantial property damage.

18. Defendant Electrolux was negligent and breached its duties in that it failed to exercise reasonable care to prevent the Refrigerator from creating an unreasonable risk of harm to the property of Plaintiff's insured, which might reasonably be expected to be affected by the Refrigerator, including but not limited to the selection, installation, inspection and testing of the solenoid valve which contained the fractured spring. Defendant Electrolux was further negligent, and breached its duties, because it failed to adequately instruct and warn the owner and user of the Refrigerator on the safe use of the product and further failed to warn of the dangers of the failure of the product.

19. At all times relevant, the Refrigerator was being used in the manner Defendant Electrolux might have reasonably expected by Plaintiff's insured.

20. Plaintiff's insured, Brinkman Construction, was someone Electrolux should reasonably have expected to use or be effected by the Refrigerator.

21. As a result of Defendant Electrolux's negligence and breaches, Brinkman Construction suffered damages.

22. Plaintiff Tokio Marine has paid to or on behalf of its insured monies pursuant to its policy of insurance. As a result of the payment of those monies, Tokio Marine is contractually and equitably subrogated to the claims of Brinkman Construction to the extent of those amounts paid.

## SECOND CLAIM FOR RELIEF
### (Negligence – Useong International and Useong Electro Mechanical)

23. Plaintiff adopts and incorporates its General Allegations and all previously asserted claims as if set forth in full.

24. At all times relevant, defendants Useong International and Useong Electro Mechanical, and each of them, developed, designed, manufactured, assembled, labeled, tested and sold the solenoid valve for the subject Frigidaire Refrigerator. As a manufacturer, distributor and/or seller of a consumer product, defendants Useong International and Useong Electro Mechanical, and each of them, owed a duty to Plaintiff's insured, Brinkman Construction, to provide safe and quality products, and a duty to provide a product that would perform as it was intended and expected. Defendants also owed a duty to Brinkman Construction to provide adequate instructions and warnings for proper and safe use of the product, including but not limited to, providing detailed installation instructions together with warnings.

25. Defendants Useong International and Useong Electro Mechanical, and each of them, knew or reasonably should have known that Plaintiff's insured would not realize the Refrigerator was defective and posed a danger of causing substantial property damage.

26. Defendants Useong International and Useong Electro Mechanical, and each of them, were negligent and breached their duties in that they failed to exercise reasonable care to prevent the solenoid valve in the Refrigerator from creating an unreasonable risk of harm to the property of Plaintiff's insured, which might reasonably be expected to be affected by the valve and Refrigerator, including but not limited to the selection, installation, inspection and testing of the solenoid valve and spring. Defendants were further negligent, and breached their duties, because they failed to adequately instruct and warn the owner and user of the Refrigerator on the safe use of the product and further failed to warn of the dangers of the failure of the product.

27. At all times relevant, the Refrigerator was being used in the manner Defendants might have reasonably expected by Plaintiff's insured.

28. Plaintiff's insured, Brinkman Construction, was someone defendants Useong International and Useong Electro Mechanical, and each of them, should reasonably have expected to use or be effected by the valve and Refrigerator.

4

29. As a result of Defendants negligence and breaches, Brinkman Construction suffered damages.

30. Plaintiff Tokio Marine has paid to or on behalf of its insured monies pursuant to its policy of insurance. As a result of the payment of those monies, Tokio Marine is contractually and equitably subrogated to the claims of Brinkman Construction to the extent of those amounts paid.

## THIRD CLAIM FOR RELIEF
**(Strict Liability – All Defendants)**

31. Plaintiff adopts and incorporates by reference its General Allegations and all previously asserted claims as though fully set forth herein.

32. Defendant Electrolux was at all times relevant engaged in the business of designing, manufacturing, assembling, testing, installing, inspecting, marketing and selling Frigidaire brand products, including refrigerators such as the Refrigerator and related equipment and component parts.

33. Defendants Useong International and Useong Electro Mechanical, and each of them, were at all times relevant engaged in the business of designing, manufacturing, assembling, testing, installing, inspecting, marketing and selling solenoid valves for use in Frigidaire brand products, including refrigerators such as the Refrigerator and related equipment and component parts.

34. Defendants, and each of them, designed, manufactured, constructed, assembled and sold the subject Refrigerator and/or related equipment and component parts, and at all times relevant the subject Refrigerator and component parts were without substantial change in the condition in which they were sold.

35. The subject Refrigerator and component parts sold by Defendants were sold in a defective condition unreasonably dangerous to the user or consumer or to his/her/its property in that the Refrigerator and the solenoid valve that failed were not properly designed, manufactured, or assembled, nor did they contain sufficient and adequate warnings and instructions as to the risks and hazards of a failure and water damage in the event of a malfunction or defect, or anticipated use.

36. The defective and unreasonably dangerous condition of the subject Refrigerator and solenoid valve was the direct and proximate cause of the water leaking out and damages suffered by Brinkman Construction as referenced herein.

37. Defendants and each of them are strictly liable for the harm caused to Brinkman Construction, and for their injuries and damages claimed herein.

5

38. Plaintiff Tokio Marine has paid to or on behalf of Brinkman Construction monies pursuant to their policy of insurance. As a result of the payment of those monies, Tokio Marine is contractually and equitably subrogated to the claims of Brinkman Construction to the extent of those amounts paid.

## FOURTH CLAIM FOR RELIEF
### (Breach of Implied Warranty of Fitness For a Particular Purpose – All Defendants)

39. Plaintiffs adopts and incorporates by reference their General Allegations and all previously asserted claims as though fully set forth herein.

40. Defendant, and each of them, manufactured and sold the subject Refrigerator and solenoid valve.

41. Defendants impliedly warranted the Refrigerator and solenoid valve to be suitable and fit for its particular purpose.

42. Brinkman Construction is someone Defendants should reasonably have expected to be affected by the defective Refrigerator and solenoid valve.

43. Brinkman Construction relied on Defendants skill or judgment to furnish suitable goods, and Defendants had greater knowledge regarding the Refrigerator and solenoid valve and reason to know that Brinkman Construction was relying on Defendants' skill and judgment

44. The subject Refrigerator and solenoid valve were not suitable for their particular purpose and for which they were warranted, due to defects in their manufacture, assembly, construction, design, inspection, warnings and installation.

45. Defendants' breach of warranty caused Brinkman Construction damages, injuries and losses as set out herein.

46. Plaintiff Tokio Marine has paid to or on behalf of Brinkman Construction monies pursuant to their policy of insurance. As a result of the payment of those monies, Tokio Marine is contractually and equitably subrogated to the claims of Brinkman Construction to the extent of those amounts paid.

## FIFTH CLAIM FOR RELIEF
### (Breach of Implied Warranty of Merchantability – All Defendants)

47. Plaintiff adopts and incorporates by reference its General Allegations and all previously asserted claims as though fully set forth herein.

48. Defendants, and each of them, manufactured and sold the subject Refrigerator and solenoid valve that were purchased by Brinkman Construction.

49. Defendants were merchants with respect to goods such as the Refrigerator and solenoid valve, and the components thereof.

50. The Refrigerator and solenoid valve were used in a manner and for a purpose for which it was intended and for which Defendants reasonably should have expected.

51. Brinkman Construction was reasonably expected to be affected by the Refrigerator and solenoid which were not of merchantable quality at the time of the sale due to defects in the manufacture, assembly and design.

52. Defendants' breach of warranty caused Brinkman Construction damages, injuries and losses as set out herein.

53. Plaintiff Tokio Marine has paid to or on behalf of Brinkman Construction monies pursuant to their policy of insurance. As a result of the payment of those monies, Tokio Marine is contractually and equitably subrogated to the claims of Brinkman Construction to the extent of those amounts paid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For damages due Plaintiff in an amount to be proven at trial;

2. For interest, costs and expenses, and attorney fees allowable by law; and

3. For such other and further relief as this court deems just and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated this 21st day of April 2020.

Respectfully submitted,

COZEN O'CONNOR

*s/ Richard R. Rardin*
Richard Rardin
707 17th Street, Suite 3100
Denver, Colorado 80202-3432
(720) 479-3900
rrardin@cozen.com

*Attorneys for Plaintiff*

7